UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 16-207 (CRC) |
| ) | |
| SCOTT CUBBAGE ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF SENTENCING ORDER**

Defendant Scott Cubbage, through undersigned counsel, respectfully moves for reconsideration of the Court's ruling regarding whether his prior conviction under 11 Del. C. § 768 qualifies as an offense "relating to . . . abusive sexual conduct involving a minor or ward" under 18 U.S.C. § 2252(b)(2).

**INTRODUCTION**

To determine whether the enhancement in § 2252(b)(2) applies in this case, the Court was required to address several threshold issues. In clearing this "underbrush," the Court overlooked two issues that, if properly addressed, would have required a different outcome. Justice requires reconsidering the Court's opinion in light of these issues and their profound importance to determining the mandatory minimum sentence Mr. Cubbage faces.

First, the Court failed to recognize that while the phrase "relating to" in § 2252(b)(2) broadens the categorical approach, it does not change its categorical nature. The question remains categorical: whether a prior state conviction *categorically* "relates to" abusive sexual conduct, looking solely at the elements—and not affirmative defenses—as the categorical approach requires. Under this required categorical approach, the Delaware statute does not "categorically relate to" abusive sexual conduct and may not be used to enhance Cubbage's sentence.

1

Second, the Court overlooked that whether Congress intended for § 2252(b)(2) to mirror Chapter 109A affects the meaning of "related to." This, in turn, caused the Court to overlook our argument that the text of § 2252(b)(2) points to a narrower reading of "related to" under <u>United States v. Lockhart</u>, 136 S. Ct. 958 (2016), and <u>Mellouli v. Lynch</u>, 135 S. Ct. 1980 (2015).

Given these two errors, either of which would change the result, the Court should respectfully reconsider its ruling and hold that since Delaware's second-degree sexual contact statute contains no abusive element, it does not categorically relate to abusive sexual conduct.

## STANDARD OF REVIEW

Although no federal criminal rule specifically addresses reconsideration motions, "[c]ourts in this district . . . have entertained motions for reconsideration of interlocutory decisions, and the Supreme Court has recognized the utility of such motions." <u>United States v. Coughlin</u>, 821 F. Supp. 2d 8, 17 (D.D.C. 2011). For interlocutory orders, judges in this district "have applied the 'as justice requires' standard normally applied to motions under Rule 54(b) of the Federal Rules of Civil Procedure." <u>United States v. Hong Vo</u>, 978 F. Supp. 2d 41, 47–48 (D.D.C. 2013). This standard asks courts to determine "whether reconsideration is necessary under the relevant circumstances," <u>Cobell v. Norton</u>, 355 F. Supp. 2d 531, 539 (D.D.C. 2005), including "whether the Court 'patently' misunderstood the parties, made a decision beyond the adversarial issues presented, made an error in failing to consider controlling decisions or data, or whether a controlling or significant change in the law has occurred," <u>Isse v. Am. Univ.</u>, 544 F.Supp. 2d 25, 29 (D.D.C. 2008). "Even if the appropriate legal standard does not indicate that reconsideration is warranted, the Court may nevertheless elect to grant a motion for reconsideration if there are other good reasons for doing so." <u>Id</u>.

**ARGUMENT**

**I.   THE COURT INCORRECTLY APPLIED THE CATEGORICAL APPROACH**

In its opinion, the Court uniformly characterized the question before it as merely whether § 768 relates (without qualification) to abuse sexual conduct.[1] This formulation of the issue, while based on the text of § 2252(b)(2), omitted a small but significant detail: the ultimate question before the Court was whether the Delaware statute under which Cubbage was convicted "is one *categorically* 'relating to' such federal offenses." United States v. Sullivan, 797 F.3d 623, 638 (9th Cir. 2015) (emphasis added), cert. denied, 136 S. Ct. 2408 (2016). Virtually every circuit court to address this question has used this "categorically relating" language when describing the test. See, e.g., United States v. Hebert, 888 F.3d 470, 472–73 (10th Cir. 2018) ("Given the language of § 2252A(b)(2), the state statute need only *categorically* 'relate to' the generic offense, not precisely match.") (emphasis added); United States v. Bennett, 823 F.3d 1316, 1321 (10th Cir 2016) ("We next examine the statutory definition of Bennett's 1997 Colorado conviction to determine whether it *categorically* qualifies as an offense relating to the possession of child pornography.") (emphases added); Sullivan, 797 F.3d at 637–38 ("[T]he federal statutes here…require us to find…that the state conviction is one *categorically* 'relating to' such federal offenses.") (emphasis added); Familia Rosario v. Holder, 655 F.3d 739, 748–49 (7th Cir. 2011) ("We cannot find that the 'importation

---

[1] See Op. at 1 ("The question is whether that conviction is one 'under the laws of any State *relating to* . . . abusive sexual conduct involving a minor or ward.'"); id. at 8 ("At its core, then, the dispute between the parties is whether the Delaware statute that Cubbage was convicted under is one *relating to* abusive sexual conduct involving a minor."); id. at 9 (describing "the central question" as "whether Cubbage's prior conviction is under a state law *relating to* abusive sexual conduct involving a minor"); id. at 10 ("[T]he Court concludes that the Delaware statute Cubbage was convicted under *relates to* abusive sexual conduct involving a minor."); id. at 11 (rejecting "least culpable conduct" test because "the question before the Court is whether the Delaware law *relates to* abusive sexual conduct involving a minor, not whether it constitutes abusive sexual conduct involving a minor"); id. ("The Court thus concludes that Cubbage was convicted under a state law *relating to* abusive sexual conduct involving a minor.") (all emphases added).

into the United States of any alien for the purpose of prostitution,' under 8 U.S.C. § 1328 . . . *categorically* 'relates to' the ownership, control, supervision, or management of a prostitution business.") (emphasis added); Fofana v. Ridge, 114 F. App'x 490, 491 (3d Cir. 2004) ("In determining whether [a defendant's] conviction is an offense 'relating to' counterfeiting, we employ a formal categorical approach that looks to the offense of conviction….Pennsylvania criminal trademark counterfeiting *categorically* relates to counterfeiting by the statute's plain language.") (emphasis added).

The requirement of "categorically relating" means, with respect to § 2252(b)(2), that "the full range of conduct the statute proscribes, even the least egregious, must qualify as an offense 'relating to . . . sexual abuse.'" United States v. Mateen, 806 F.3d 857, 862 (6th Cir. 2015) (quoting § 2252(b)(2)). This "least culpable conduct" test is based on Supreme Court precedent explaining what makes the categorical approach *categorical*, Johnson v. United States, 559 U.S. 133, 137 (2010); Moncrieffe v. Holder, 569 U.S. 184, 191 (2013), and is part and parcel of the categorial test for relatedness, see, e.g., United States v. Colson, 683 F.3d 507, 510 (4th Cir. 2012) ("We therefore look in this case only to the statutory definition of the state crime . . . to determine whether…the most innocent conduct qualifies as an offense 'relating to' the predicate offenses listed in 18 U.S.C. § 2252A(b)(1)."); United States v. Sinerius, 504 F.3d 737, 741 (9th Cir. 2007) ("Under the categorical approach, even the least egregious conduct proscribed by the [state] statute must qualify as an offense 'relating to . . . sexual abuse.") (quoting § 2252(b)(2)).

As the Court correctly noted, conduct only relates to sexual abuse if there is "some 'abusive' element." Op. at 3. While the parties disagreed about whether the Court should consider the affirmative defense in determining whether the least culpable conduct under the Delaware statute involved "some 'abusive' element," both parties agreed that this was strictly a question of how to

4

determine the "elements" under the categorical approach.[2]  And both parties agreed that whatever answer the Court reached on that question, the ultimate question was whether the least-culpable conduct under those elements categorically "qualif[ied] as an offense 'relating to . . . sexual abuse.'"  Mateen, 806 F.3d at 862.

The Court took a different path, however.  Despite acknowledging that "even a cursory read of recent cases makes clear [that] the categorical approach typically looks only to the elements of the crime that the defendant was convicted of," Op. at 7, the Court did not proceed to determine the least culpable conduct based on elements, or decide whether that least culpable conduct was related to sexual abuse.  Rather, the Court reiterated the statutory text as if it raised a different question: whether the Delaware statute is, in its purpose or target, "one relating to abusive sexual conduct involving a minor."  Id. (emphasis in original).  In answering that question, the Court looked to the affirmative defense, because "[u]nderstanding the scope of conduct the Delaware statute is *aimed at* prohibiting illuminates what relationship the statute might bear to the generic offense at issue."  Id. (emphasis added); see also id. at 8 (stating that considering "the relevant affirmative defense sheds light on what the Delaware statute criminalizes and what kind of conduct it targets").

---

[2] The government argued that "this Court [may] look to Section 762(d) to consider what conduct the statute is actually criminalizing."  Dkt. 35 at 17; see also id. ("[T]he government is arguing that it is all one statutory offense that this Court can consider when determining the elements and what conduct, specifically, this statute criminalizes.").  Cubbage argued that "[t]he availability of an affirmative defense is not relevant to the categorical analysis," United States v. Velasquez-Bosque, 601 F.3d 955, 963 (9th Cir. 2010), and that including an affirmative defense in the categorical approach would be inconsistent with recent Supreme Court precedent clarifying and emphasizing a strict elements-only approach.  Dkt. 34-1 at 6 (citing Mathis v. United States, 136 S. Ct. 2243, 2252 (2016) (stating that "application of [the categorical approach] involves, and involves only, comparing elements," defined as "the things the prosecution must prove to sustain a conviction") and Descamps v. United States, 133 S. Ct. 2276, 2292 n.5 (2013) (distinguishing between elements and affirmative defenses for purposes of the categorical approach)).

While considering the affirmative defense may shed light on what conduct § 768 was aimed at, it does not determine what the statute *categorically* criminalizes—which is what the categorical approach always requires, even for the "related to" analysis. Rather, as explained above, whether the Delaware statute is one "relating to" sexual abuse is determined by applying the categorical approach to that question. And while the phrase "relating to" broadens the scope of qualifying state offenses that will qualify under the categorial approach, it does not change the way those offenses are determined—namely, by determining whether the least culpable conduct under the statute involves an abusive element such that the statute "categorically relates" to sexual abuse. In other words, a court must determine not just whether a law stands in a sufficient relation to abusive sexual conduct based on its heartland target, but whether the *least* culpable conduct under the statute does.

Of course, crimes that do not constitute abusive sexual conduct can still categorically relate to such crimes. For example, statutes barring "solicitation of abusive sexual conduct" or "possession of visual depictions of abusive sexual contact" would both categorically relate to "abusive sexual conduct," despite not requiring abusive sexual conduct by the defendant. As the Court said, "for the state statute to be related to the predicate offense there would need to be some 'abusive' element," Op. at 3, and the least culpable conduct for each of those hypothetical statutes would involve an element of abusive sexual conduct. But a statute barring sexual contact that in some cases did not qualify as abusive would not categorically relate to "abusive sexual contact," because the least culpable conduct would not relate to abusive sexual conduct. And that result would not change even if the statute had an affirmative defense similar to the one at issue here: the affirmative defense would not change the elements, and thus would not change whether the statute *categorically* relates to abusive sexual conduct under the categorical approach.

Here, the Delaware statute provides that "[a] person is guilty of unlawful sexual contact in the second degree when the person intentionally has sexual contact with another person who is less than 18 years of age or causes the victim to have sexual contact with the person or a third person." 11 Del. C. § 768. Whether or not the statute was "aimed" at abusive sexual conduct, its elements criminalize non-abusive sexual contact between minors, and it has actually been applied to such conduct without any age gap. See State v. Sapps, 820 A.2d 477, 483–86 (Del. Fam. Ct. 2002) (describing history and application of the statute). Any relation between the least culpable conduct under § 768 and abuse could occur only by considering affirmative defenses, which under the categorical approach the Court may not do. Op. at 7 (citing Mathis, 136 S. Ct. at 2248; Descamps v. United States, 570 U.S. 254, 261 (2013)). Since the elements of § 768 do not categorically relate to abusive sexual conduct, it was improper to use the Delaware conviction to enhance Cubbage's sentence, even if the statute itself was *generally* aimed at abusive conduct.[3]

---

[3] Since both parties understood the question to be whether Cubbage's prior "state conviction is one *categorically* 'relating to'" abusive sexual conduct, Sullivan, 797 F.3d at 638, neither party addressed the implications of an approach that looks beyond the elements to what the statute was aimed at. However, disregarding the elements-only limitation of the categorical approach would violate the rule of lenity and render the enhancement unconstitutionally vague. In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act violates due process because its language about an offense that "otherwise involves conduct that presents a serious potential risk of physical risk to another" fails to give ordinary people fair notice of the conduct it punishes. Id. at 2257. The Supreme Court explained that the ACCA's residual clause "requires a court to picture the kind of conduct that the [predicate] crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury"—because "the residual clause asks whether the crime 'involves conduct' that presents too much risk of physical injury," rather than merely "whether creation of risk is an element of the crime." 135 S. Ct. at 2557. Here, a "relating to" analysis that looks beyond the elements of the offense would involve the same problems identified by the Supreme Court in Johnson: it would impermissibly require courts to assess "the kind of conduct that the crime involves 'in the ordinary case.'" Johnson, 135 S. Ct. at 2557. And the rule of lenity creates a related limitation, which "ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered." United States v. Lanier, 520 U.S. 259, 266 (1997). Given the long history of an elements-only categorical approach, taking an affirmative defense into account, as the Court did, would violate the rule of lenity by expanding the criteria for assessing the scope of predicate crimes beyond those of which a criminal defendant would have had fair warning.

7

## II. THE COURT ERRED IN NOT ADDRESSING THE RELEVANCE OF *LOCKHART* TO THE *MELLOULI* "RELATED TO" STANDARD

The error described above in Section I suffices to warrant reconsideration. Reconsideration is also warranted, moreover, to address the relevance of Lockhart to the "related to" analysis.

When considering the definition of the federal predicate crime, the Court noted that we relied on Lockhart and its conclusion that the "federal template" in Chapter 109A was the basis for the sexual-abuse enhancement. Op. at 2. The Court correctly held that it did not need to address Lockhart when defining the federal predicate crime, however, because any generic sexual-abuse crime would be virtually identical to the federal statutory language in Chapter 109A. Id. at 3.

But the Court moved on without analyzing the effect of Lockhart on the scope of the phrase "related to"—a question that did need to be addressed. Rather, the Court stated that "Cubbage points to no statutory text, legislative history, or other evidence indicating that the broader test used by courts applying this statute similarly stretches the phrase 'relating to' to the breaking point," and observed that the "statutory text here, for instance, does not say 'abusive sexual conduct involving a minor as defined under federal law' the way that the statute in Mellouli explicitly defined 'controlled substance' by reference to a specific statutory provision." Id. at 6. In so doing, the Court appeared to overlook our argument that Congress's use of Chapter 109A as a "federal template" was precisely the kind of textual and historical context that, according to Mellouli, tugs "in favor of a narrower reading." Specifically, we argued that:

> As the Lockhart majority explained, the context of § 2252(b)(2) strongly indicates that "Congress mirror[ed] precisely the order, precisely the divisions, and nearly precisely the words used [in Chapter 109A] to describe the three state sexual-abuse predicate crimes in § 2252(b)(2)," 136 S. Ct. at 964, precisely because "Congress used Chapter 109A as a template for the list of state predicates set out in § 2252(b)(2)," id. Since Congress has tied the state and federal offenses together, they "should be interpreted as a symmetrical and coherent regulatory scheme," Mellouli, 135 S. Ct. at 1989 (quotation and citation omitted), and abusive sexual conduct under Chapter 109A must "figure[] as an element of the [state] offense," id. at 1991, however broadly it is defined.

8

Dkt. 34-1 at 19–20.  And we pointed to an opinion by a circuit judge echoing this point.  <u>Id.</u> (citing <u>Johnson</u>, 2017 WL 745597 at *5 (Martin, C.J., concurring) ( "Lockhart clarifies that [§ 2252(b)(2)'s state offenses] should be construed by looking to how they are defined in Chapter 109A," and the elements of a statute "criminalized touching non-genitalia body parts through clothing…, [that] did not require the defendant to be at least four years older than the victim…were too much in contrast to those in § 2243 for a conviction…to relate to abusive sexual conduct involving a minor.") (quotations marks omitted)).  The analysis in Circuit Judge Martin's concurrence is spot on, and the Court should adopt its reasoning.

We recognize that some circuits that declined to apply <u>Mellouli</u> to § 2252(b)(2) before <u>Lockhart</u> have not yet revised their stance.  But the logic of these opinions is crumbling.  For example, last month the Ninth Circuit recognized that <u>Mellouli</u> applies to the portion of § 2252(b)(2) related to state child-pornography convictions, on the theory that "§ 2252(b)(2) describes a number of prior types of state offenses, some of which include federally-defined terms, and some of which do not."  <u>United States v. Reinhart</u>, __ F.3d __, 2018 WL 3016942, at *5 (9th Cir. June 18, 2018).  Yet its only rationale for selectively applying <u>Mellouli</u> to § 2252(b)(2) was its belief that the fact "[t]hat the overall statutory scheme in chapter 110 defines 'child pornography' matters."  <u>Id</u>.  But <u>Lockhart</u> refutes this reasoning, since it assumes that Congress did not distinguish between Chapters 109A and 110, and rather used the former as a template for the latter.  Thus, while courts could say, pre-<u>Lockhart</u>, that "an out-of-chapter definition could not control the definition of the term in a separate chapter," <u>id.</u> (citing pre-<u>Lockhart</u> reasoning from <u>Sinerius</u>, 504 F.3d at 742–43), after <u>Lockhart</u> the stronger view is that Congress intended just that.  See, e.g., <u>Hebert</u>, 888 F.3d at 475 ("The Supreme Court has stated that…§ 2252(b)(2) seemingly mirrors the offenses listed in 18 U.S.C. ch. 109A. . . . [t]herefore we look to Chapter 109A for the definition of

generic sexual abuse."). It follows that Mellouli applies to all of § 2252(b)(2), just as the Ninth Circuit in Reinhart applied it to part.

## CONCLUSION

For the foregoing reasons, the Court should respectfully reconsider its opinion and hold that since Delaware's second-degree sexual contact statute contains no abusive element, it does not categorically relate to abusive sexual conduct.

July 4, 2018                                                       Respectfully submitted,

                                                                    /s/  Matthew J. Peed               .
                                                                   Matthew J. Peed (D.C. Bar No. 503328)
                                                                   CLINTON BROOK & PEED
                                                                   1455 Pennsylvania Ave. N.W., Suite 400
                                                                   Washington, DC 20004
                                                                   (202) 621-1828 (tel)
                                                                   (202) 204-6320 (fax)

                                                                   *Counsel for Defendant Scott Cubbage*